AMERICAN COLONIAL BROADCASTING CORPORATION ET AL., Petitioners, *v.* SUPERIOR COURT OF PUERTO RICO, SAN JUAN PART, A. D. MARCHAND PAZ, JUDGE, Respondent; JULIO NÚÑEZ and LUIS NÚÑEZ, Interveners.

No. C-66-15. Decided April 7, 1967.

*Baragaño, Trías, Saldaña, Harris & Francis*, and *José A. Cestero* for petitioners. *Maldonado & Villanueva* for interveners. *Manuel Janer Mendía* and *Mario Morales Reyes* for the Department of Labor.

First Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Blanco Lugo, Mr. Justice Rigau, and Mr. Justice Ramírez Bages.

MR. JUSTICE RAMÍREZ BAGES delivered the opinion of the Court.

In a case filed by the interveners against the petitioners the amount of $33,157.32 was claimed for extra hours worked and not paid, vacation, and discharge without good cause, besides an equal amount as liquidation of damages. In that case judgment was entered on the basis of a motion called "Stipulation" in which the parties "after having examined . . . the evidence each had, including books, payrolls, records, etc.," reached the "conclusion" that petitioners only owed to intervener Julio Núñez $2,000 and to intervener Luis Núñez $1,000 for extra hours plus the corresponding penalty, and $1,200 for attorney's fees. Approximately seventeen months later the interveners filed another claim against petitioners for the amount of $57,268.40 for regular wages and extra hours and also an equal sum as liquidation of damages.

As special defense in the second claim petitioners raised the defense of res judicata.

The case being ready for trial the petitioners requested that the defense of res judicata be considered at a separate hearing, to which the court agreed. At said hearing, and after the parties announced their evidence, the court asked whether the Secretary of Labor had been notified of the filing of the first complaint of the interveners, of the stipu-

lation and of the judgment in that case. It was stipulated that said official had not been notified. Furthermore, the parties agreed that there exists a perfect identity of parties and cause of action between the previous two cases. The court considered it useless to call for the presentation of the evidence announced and granted the parties a term to file their briefs in support of their respective contentions.

The trial court entered an order dismissing the defense of res judicata and concluded that "both the motion called 'stipulation' and the judgment entered by virtue thereof are void *ab initio et coram non judice.*"

This decision was fundamentally based on the fact that the motion called stipulation was actually a compromise contract and as such had to comply with the provisions of § 13 of Act No. 379 of 1948 (29 L.P.R.A. § 282). As there was no compliance with that provision of § 13 the contract was null and void. Besides, the trial court pointed out that the court which considered the first claim "lost its jurisdiction upon entering the judgment by virtue of a motion which was void from its own face."

The trial court also decided that the doctrine of estoppel because of one's acts was not applicable to the case.

Petitioners set forth that the trial court erred in deciding that (1) said stipulation was void *ab initio et coram non judice;* (2) that the judgment entered was void *ab initio* because the court lost its jurisdiction upon entering it; and (3) that the doctrine of estoppel because of one's acts was not applicable.

The controversy herein revolves exclusively around the fact of the nonintervention of the Secretary of Labor and the nature of the so-called "Stipulation."

Let us first examine the laws which govern the situation before us.

Section 30 of the Minimum Wage Act of 1956 (29 L.P.R.A. § 246b) in its subsection (a) provides that:

"Every laborer or employee who receives for his work a compensation lower than that fixed in sections 245–246m of this title or in a mandatory decree, order or regulation of the Minimum Wage Board, or in a collective bargaining agreement or on an individual labor contract shall be entitled to recover through a civil action the unpaid difference up to the total amount of the compensation to which he is entitled, plus an amount equal to the unpaid amount, as an additional compensation, besides the costs, expenses, interest, and attorney's fees in the proceedings, said fees to be a reasonable amount in no case less than fifty (50) dollars, all this irrespective of any agreement to the contrary."

Section 12 of Act No. 379 of 1948 (29 L.P.R.A. § 281) provides that:

"It is hereby declared that the additional compensation on the basis of double time fixed by sections 271–288 of this title for extra hours of work may not be waived.

"Any clause or stipulation by virtue of which the employee agrees to waive the payment of the additional compensation for extra hours, fixed by sections 271–288 of this title, shall be null."

Section 13 of this Act (29 L.P.R.A. § 282) provides in its pertinent part that:

"Any employee who receives a compensation less than that fixed by sections 271–288 of this title for regular hours and extra hours of work shall be entitled to recover from his employer, through civil action, the sums unpaid, plus an equal sum as liquidation of damages, in addition to the costs, expenses, and attorney's fees of the proceeding.

". . . . . . . .

"The judicial claim may be filed by one or several employees, in his or their names, and that of other employees who are in similar circumstances; Provided, That after the claim has been judicially instituted, it may be settled by compromise between the parties with the intervention of the Secretary of Labor and the approval of the court.

"Every extra judicial compromise in regard to the payment of the wages for regular hours, extra hours of work, or the payment of the sum equal to that claimed which sections 271–288

of this title fixes as liquidation of damages, shall be null; Provided, however, That for the purposes of sections 271–288 of this title a compromise made before the Secretary of Labor or any of the attorneys of the Department of Labor, appointed by said Secretary, shall be valid."

It is plain from said provisions of law that any covenant, clause, compromise, or stipulation in relation to a claim for wages for regular or extra working hours or for an equal amount for additional compensation or for damages is null and void except in two cases and, in such cases, the compromise is necessarily valid and effective when the requirements which rule and govern them are complied with. One of these cases is the compromise of a judicial claim. To execute this compromise the law requires (1) the intervention of the Secretary of Labor and (2) the approval of the compromise by the court cognizant of the case.

A public policy regarding the compromise for claims for wages having been established in Act No. 379 in the manner previously indicated—*Lebrón* v. *P.R. Ry., Lt. & P. Co.*, 78 P.R.R. 650, 660 (1955)—we conclude that according to the provisions of §§ 12 and 13 of Act No. 379 every compromise of judicial claim for salaries which is executed without the intervention of the Secretary of Labor is null and void even if it has been approved and judgment is entered on the basis thereof by the court entertaining the claim. Therefore, such judgment cannot constitute res judicata and is subject to collateral attack and does not bar the prosecution of a second claim as has been done in this case.

There remains to determine whether the stipulation in this case is actually a compromise and therefore subject to the provision of §§ 12 and 13 of Act No. 379 (29 L.P.R.A. §§ 281 and 282), or whether, on the contrary, said stipulation is the determination of the sums of money actually owed by the petitioners to the interveners as they indicate.

■ Section 1709 of the Civil Code (31 L.P.R.A. § 4821) defines the compromise as ". . . a contract by which each of the parties in interest, by giving, promising, or retaining something, avoids the provocation of a suit, or terminates one that has already been instituted." Petitioners indicate that:

". . . Both Castán, IV *Derecho Civil Español, Común y Foral* 706, 7th ed. (1953) and Puig Brutau, *op. cit.,* Ch. XII, p. 568, consider that a characteristic trait of said contract are the mutual concessions or sacrifices between the parties even though said reciprocity does not necessarily imply equivalence. Manresa, referring to the requisite that mutual concessions, equal or unequal in value, be made states that: 'This second essential requisite, wrongly omitted in the definition of Code Napoleon (§ 2.044) is expressed in ours with the terms used in this section in stating that "the compromise is a contract *by which each of the parties, by giving, promising or retaining something,* avoids the provocation of a suit, or terminates one that has already been instituted." ' Manresa, *op. cit.* at p. 97 [12 *Código Civil Español,* 2d ed.]."

■ Although the so-called "Stipulation" does not contain the typical wording of a compromise, at the bottom it is a compromise. It does not contain a consensual statement of the parties as to the facts surrounding the complaint of the interveners against the petitioners, such as, for example, the extra hours worked by them week after week, with an indication of the nature of the work performed during such hours. On the contrary, in this so-called "Stipulation" the parties reached an agreement regarding certain conclusions they alleged having derived from an inspection of the evidence they had consisting of books, payrolls, records, etc., that is, that petitioners owed Julio Núñez $2,000 and Luis Núñez $1,000 without indicating any detail to justify those conclusions. The nature of the amounts, the marked discrepancy between such amounts and those claimed in the complaint, as well as the total absence of the detailed facts which justify and serve as ground for such conclusions lead

us to the conclusion that in the so-called "Stipulation" the parties actually made mutual concessions to terminate a suit between them and that, therefore, said "Stipulation" is nothing more than the regular compromise referred to in § 13 of Act No. 379 of 1948 to which we have referred already.

■ The petitioners invoke, furthermore, the defense of estoppel because of one's acts in the sense that the interveners are precluded from filing the second claim because they had already signed the stipulation, obtaining judgment in their favor and also because they were benefited by the judgment money. They point out also that they, the petitioners, relied on the "state of law" created by these acts of the interveners.

Considering the result we have reached in discussing the previous errors, and in view of the particular circumstances in this case, this contention of petitioners lacks merit. *Matías Rodríguez* v. *Social Programs Administration*, 92 P.R.R. 193 (1965) ; *Rasa Eng. Corp.* v. *Daubón*, 86 P.R.R. 182 (1962) ; *Laborde* v. *Eastern Sugar Associates*, 81 P.R.R. 468 (1959) ; *Pagán* v. *Heirs of Padilla*, 42 P.R.R. 941 (1931).

For the reasons stated, the order entered in this case by the Superior Court, San Juan Part, on January 14, 1966, will be affirmed and the case remanded for further proceedings not inconsistent with the pronouncements herein.